Good morning. My name is Larry Berlin. I represent plaintiffs appellants in this matter. I'd like to reserve two minutes if I'm able. That's fine. Thank you. Judge Logan below made his decision, his exercise of discretion in this case, based at least in part, according to his order, on his belief that we'd had certain exchanges at the hearing on June 22nd of 2016, the discovery hearing. As he says he did, then this case should be sent back to him. Those discussions, some of those discussions, never took place as demonstrated so clearly by the transcript. In particular, he states that he warned plaintiff that he was considering dismissal of the case and that that was a possibility if there were further delays. He never said anything like it. The topic was not brought up at that hearing. So our case law says that a warning isn't necessarily required, particularly when there's a notice motion to dismiss, which was the case in this case, right? So that in my eyes and says they've rejected a warning requirement when it was a notice motion to dismiss. So was a was a warning necessary in this case under our case law? While a warning itself is not dispositive of the issue, under the circumstances here, a warning certainly would have been called for as as one of the factors, one of the five factors to be considered. But there was a notice motion and we said that that takes the place. So you were aware that that the other, the opposing counsel was seeking a motion to dismiss. I'm sorry, Your Honor, I'm not following you in terms of the the order of events. On June 22nd, the the court in its in its order of dismissal indicates that on June 22nd it gave a warning. It did not. The court also... The June 22nd date, what was the purpose of that date? It was a discovery motion, Your Honor, to compel discovery. And I was ordered to provide certain responses within two days, which I did. There been a... Was there was a motion to dismiss on calendar that day? No, sir. When was the motion to dismiss filed? In October of 2016. Yes, sir. And so the district court's order was came after the motion to dismiss was was filed, correct? Yes, yes, ma'am. But let me ask you also, I was a little bit... If I may judge on Eisen that you've brought up in this context. Eisen was a nine-year-old case and when it was dismissed, there had been no action in it for four years. None. Zero. Zip. This case... Right, but that was looking at the warrant, but the the language I was quoting was from the Henderson factors are supposed to be understood and on the the warning factor, the court cites Eisen and says you don't need a warning when there's a notice motion. It's not that significant a factor. Your Honor, the point of my contact... The point of my comment in this particular context is not whether the law actually requires the warning. It is one of the factors to be considered. But in this situation, Judge Logan in his dismissal order indicates that one of the things he's relying on in the exercise of his discretion was that he had warned plaintiffs. That he'd given you a warning. Right. He did not. And if indeed that's something that he was... In what other respects did Judge Logan abuse his discretion in dismissing this case with prejudice? In the same order, the dismissal order, he indicates that on June 22nd that he had asked me as plaintiff's counsel whether I was essentially good to go in the case and indicated that I had responded that I was fit and able and would would move the case forward expeditiously. That is false. What the transcript reflects is that I responded to the judge that I didn't know whether I would be able to continue with the case. You said you were going to withdraw or stay with it. That's what I read in the transcript. Yes, ma'am. And obviously you haven't withdrawn and you didn't withdraw. So you were committed to staying with it. Is that the case? No. Because you said at some points you said, I am going to withdraw. Yes. At that hearing, you said, well, either I'll stay with it or I'll withdraw. At the hearing on June 22nd, I indicated that I would discuss it with the guardian ad litem and make a decision. It's in this context. The defendants had asked for a 60-day extension. They will probably tell you that they wanted the 60-day extension because I had delayed, because plaintiffs had delayed in responding to discovery. While there is some truth to that, in fact, it is also true that one of the defendant's discovery wasn't even, the responses to that discovery wasn't even due yet. And that defendant was asking for an additional 60 days because assuming plaintiff's timely response to that discovery, which they did get, they still wouldn't have any time. Keep in mind, Your Honor, this goes back to the initial case management order and the initial joint report for case management in which all counsel agreed that we would need until November 30th of 2016 to complete discovery. And because of the complexity and volume of the records in this case and... The Henderson factors, right? I mean, we're reviewing the district court's determination for an abuse of discretion under those factors. And we've said where there's four factors, support dismissal, then we should affirm, or three, strongly supporting dismissal. Under the Henderson factor of the court's management of its docket. The court mismanaged its docket. So, please... It was advised, for example, in the joint report that counsel would need until the end of May to produce the records, again, explaining the volume and complexity and their importance in this particular case. The judge threw that out. The judge did not, in his case management order, adopt or even address any of the joint report of all counsel. Did he just do it unilaterally? Yes, sir. Create some kind of a... In fact, he vacated the case management conference that he had set after he received all of counsel's joint report and proposed schedule, vacated the scheduling conference and put in a schedule that it's as if it was in a different case. Was there a reason given for that? No, sir. None. Well, I should say this, and this is in the context of my position that the management of this case was fouled up from the beginning. In the court's order that we have conducted the joint conference and submit the joint report and proposed schedule, in the court's boilerplate, it states that that particular court had a strict policy of not allowing any more than two years from the initiation of the case to dispositive motions. It appears in throwing out the joint report of all counsel that what the court did was to reverse engineer from that two-year date. And that ignores at least two important factors. One is the case was removed from state court to federal court, I believe in February of 2016. Between February of 2016 and October of 2016, the complaint was amended because of the appointment of the guardian ad litem. The guardian ad litem was appointed. Also, one of the defendants was a wrong defendant. We had to fix that to get the right defendant in the case. So as a practical . . . Your clock is ticking down. Thank you, Your Honor. I guess I'll reserve my last 30 seconds. But to close the point that I was on, the court ignored the advice of all counsel and did not even consult canceling the conference. Thank you. May it please the court, my name is Justin Holm from the law firm of O'Connor and Campbell. I represented Defendant Angel Doe in the underlying action. I'm present today with Lisa Heeman for the state of Arizona and Kim Alvarado from Tunglin Corporation. By an agreement among the defendants, unless the panel has a specific question directed towards the state or Tunglin, I will take all of the oral argument today. Your Honor, this case is about an abuse of discretion. And Judge Logan at the prosecution under the Henderson factors as interpreted by the defendants using the Eisen case. And the defendants, or the plaintiffs, rather, willful failure to attend their depositions. And in the case of the minor A.E., his willful failure to attend his independent psychological exam. Well, if it was just for the discovery disputes, he could have said, I'm ordering you to appear for your depositions and I'm ordering you to appear for your examination. If you don't appear, I'm going to impose monetary sanctions, whatever. That doesn't really seem to be what bothered him. Your Honor, you're absolutely right. That's not what bothered him. What bothered him is, as he identified in his order, that the case had been pending for nearly two years and no significant discovery had been taken. No complete discovery responses had been issued. No depositions had been taken. No expert reports Why was a dismissal with prejudice warranted under those circumstances? Because there had been actual prejudice against him. There had been some discovery, right? Written discovery, hadn't there? There had been written discovery, Your Honor. There had been initial disclosures had been exchanged. And Mr. Berlin is correct. This was a document-intensive case. There were several thousand pages worth of documents that both sides were as Mr. Berlin identified- And both, when the joint reports were presented to the court about how things should unfold in the litigation, it was a little bit different than what the district court actually did, correct? Yes, it was, Your Honor. The district court actually shortened the deadlines proposed by the parties by three to four months. Why was that? As I believe, as Mr. Berlin articulated, that it was that Judge Logan prefers in his courtroom not to allow the two-year anniversary of a case to pass before dispositive motions are on file. What's so sacrosanct about two years? Your Honor, to be honest with you, I'm not sure what's so sacrosanct about that, but it was important to Judge Logan and it was an obligation that he imposed on both parties. It was equally applicable to the defendants as it was to the plaintiffs. And importantly, he warned us in his papers. He said, I treat this data sacred and I expect you to plan your litigation activities accordingly so that you can meet it. And with regard to that, he made very clear in entering his scheduling order that fact discovery would not be extended beyond July 15 and that expert discovery would not be extended beyond October 31. I'm sorry, September 30. And so when we stood in front of him during the June 22nd hearing, he asked, can you proceed in this case? And Mr. Berlin identified during that hearing several factors. And as he articulated in his argument here today, he identified that he wasn't sure whether he could proceed. The court then denied the 60-day request that admittedly all parties had filed. And the court also made very clear during that hearing that he expected the current deadlines to stand. Right at the end of that hearing, Mr. Berlin asked for the mercy of the court for an additional week to be able to produce the discovery responses. And the court said no, emphatically. That was the tone and tenor of that hearing. But isn't that in itself sort of, I don't know, kind of abrupt or borderline arbitrary? No, Your Honor, and let me tell you why. What's important about that hearing is we were there on a motion to compel Mr. Berlin's written discovery responses. At the point when we had the hearing... You know, the lawyer had all kinds of issues, right, that he had raised with you about autowax, he had an autowax, and other problems. I mean, there were some issues that had been raised, no? There were some issues that had been raised, Your Honor. You're absolutely correct. But again, the deadlines were important to Judge Logan. He had made it clear, that clear to us, and had indicated that he was not going to extend them. And so we were there on a motion to compel, despite Mr. Berlin's personal problems and practice difficulties, because we needed those documents as defendants. We needed depositions on calendar as defendants, because we had an obligation to defend our clients. And we would, we were facing very real prejudice, because we hadn't had the opportunity to test Mr. Berlin's client's damages. We hadn't had the opportunity to see any expert reports or preliminary... So how did that June 22nd hearing end? It ended with a very clear understanding among all the parties that we needed to meet the current deadlines that were in place. And what was, what were the pending deadlines? The most immediate pending deadline was the fact-discovery cutoff, which at that point was July 15th. It was so important, Your Honor, that the very next day, June 23rd, all of the parties, including Mr. Berlin and the guardian ad litem for the minor plaintiff in this case, met and conferred telephonically to set all of the depositions. And were they set? They were set. In fact, the plaintiff's depositions were noticed for the second time that same day by myself. About a week later, Mr. Berlin noticed several depositions for the state plaintiffs, I'm sorry, for the state defendants, witness, the witnesses who were involved in the underlying action. While the defendants appeared for the depositions of the plaintiffs, Mr. Berlin ultimately vacated the depositions of the state defendants. But the point, Your Honors, is that after that hearing, there was no question that the judge's order was going to be enforced. Did the judge consider any sanction lesser than dismissal with prejudice? Was there any discussion? He did, Your Honor, through our papers. Our motion to dismiss contains a, in the where we discussed for the, for Judge Logan, the other possibilities that existed. Those possibilities raised through our papers were barring the plaintiffs from, or striking the plaintiffs' incomplete discovery responses, barring the plaintiffs from presenting any expert testimony at trial, and awarding the defendants money damages for the costs incurred to prepare their depositions that didn't go forward. Now, Judge Logan, we also presented to Judge Logan, though, the fact that two out of those three options actually hurt the defendants and caused us further prejudice. If there's incomplete discovery responses, we don't have the ability to prepare our defenses. If there's no experts allowed on the plaintiff's behalf, the functional equivalent is the same. The plaintiff raised in his complaint and in his initial disclosures, and then in his incomplete discovery responses, the need for expert testimony to establish a standard of care and to establish his damages. He did that repeatedly, especially in his incomplete discovery responses, which are in the supplemental excerpts of record, Your Honor. And what's important about that is, without expert testimony in this case, he could not establish a standard of care against the state defendants. Maybe you would have likely gotten a grant of summary judgment in your favor. Your Honor, that was an option. And candidly, if this Court remands, we'll see you again in 18 months, because we will file a motion for summary judgment down below. I'm sure that the plaintiffs will appeal, and we'll be back here before you arguing why the motion for summary judgment shouldn't have been granted. So, and we, as defendants, acknowledging and understand that that was a possibility. However, because there was no significant discovery in this case, we chose to pursue a motion to dismiss for failure to prosecute, rather than a motion for summary judgment. The other basis, and I'll use my last, I'll turn with my last minute to the rule. Let me ask you this. Do you think the district judge should have, let me ask you this. In any of what the district court judge did, is there any sense that he attempted in any way to accommodate counsel's personal, physical injuries that he was sustaining, and his representation that he wanted to shut down his practice, and he couldn't really function as a lawyer anymore, and it's just too much? Your Honor. What role does the court have when they're confronted with something like that? I think that it's... You should ignore it? No, absolutely not. And I don't think it was ignored here. What's the court's ethical... I mean, does the court have any kind of responsibility to be on top of that kind of situation? I see that I only have 10 seconds left. You can answer the question. May I answer and then... Yeah, that's fine. I do believe that the court has an obligation to consider Mr. Berlin's difficulties, and the difficulties that he had. And I think that Judge Logan did that here. There's language in his order that identifies that he considered the reasons that Mr. Berlin gave, and that he found those reasons lacking. And I can't tell you why he did that, but that was his position in his work. Thank you, Your Honor. Appreciate it. Okay. We'll give you one minute for rebuttal. Thank you. And then after we hear... For the benefit of all those who are in the audience, after we hear from counsel on this rebuttal, we're going to take a 10-minute recess. Here we go. The idea that defendants were prejudiced here or would have been is a sham. The joint report of all counsel called for the discovery completion date of November 30th, 2016. By then, the case had been dismissed for failure to prosecute. If, indeed, the defense did not believe that they, too, needed that time, and that they would be prejudiced by that much time, then they wouldn't have put it in the joint report, and they wouldn't have specifically filed no objection to plaintiff's motion for a stay on July 5th. They filed their no objection the next day, let alone Mr. Holmes' own request for 60 days, to which the judge responded, and I quote, well, I'll tell you what, we'll address... This is on June 22nd. Well, I'll tell you what, we'll address that issue once we find out if Mr. Berlin can comply with the court's order. That was the two days to respond. Berlin complied. The court never came back to it, and two weeks later, I filed the motion for stay, again, receiving no objection. Thank you, Mr. Berlin. If the case is remanded, do you stay in the case, or is there a new lawyer? What happens? Probably a new lawyer, Your Honor. I really have been winding down my practice. In fact, I came here from New Mexico yesterday where I'm living. The problem, of course, is finding competent counsel to take over the case. If the case is remanded, that should not be a problem. Under the circumstances at the time, it was a problem because nobody wanted to come into a case where it was unclear whether the discovery cutoff had already run. Okay. Thank you. Thank you, Mr. Berlin. Thank you, counsel. We appreciate your arguments in this matter. It's submitted at this time. All rise. This court stands in recess for 10 minutes.
judges: Paez, Ikuta, Adelman